107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ceres Ortiz BERNARDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1997.*
Decided Feb. 28, 1997.
 
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ceres Ortiz Bernardo, a native and citizen of the Philippines, petitions for review of a Board of Immigration Appeal ("BIA") decision denying her applications for asylum and withholding of deportation. Bernardo bases her claim to asylum on past, and a fear of future, persecution by the Philippine New People's Army ("NPA") because of her prior government work and her husband's involvement in military intelligence during the Marcos regime.
 
 
 3
 The BIA's decision that Bernardo did not suffer past persecution is supported by substantial evidence. Although Bernardo claims that she was singled out as an enemy of the NPA, the evidence does not support her assertion. The BIA correctly noted that the only face-to-face contact Bernardo had with the NPA occurred almost 20 years ago, resulted in no harm to her or her family, and was not repeated despite her having lived in the same house for a year after the incident occurred and in the Philippines for four more years. In addition, the threatening phone calls and anonymous notes do not compel a finding of past persecution. We have upheld findings of no persecution in far more serious cases. See, e.g., Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (brief detention and beating that did not require medical treatment did not amount to compelling evidence of persecution).
 
 
 4
 The BIA's decision that Bernardo did not have a well-founded fear of future persecution is also supported by substantial evidence. Bernardo bases her fear of persecution on one 1977 incident. But neither she nor her family were ever visited again by the NPA, despite her (and her husband's) continued work for the government while living in the Philippines for almost seven years after the incident. Peaceful continued residence is relevant to a claim of a well-founded fear of persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988). Furthermore, "the mere fact that a threat was made may not be sufficient.... [w]hat matters is whether the group making the threat has the will or the ability to carry it out." Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1985). The evidence shows that whatever the motivation for the NPA's 1977 contacts with Bernardo and her family, the NPA did not persecute Bernardo or her family when they lived in the Philippines; it seems unlikely that the NPA would persecute her if she returned now.
 
 
 5
 Bernardo is now separated from her husband, who seemed to be the main reason for the NPA's 1977 contact. More importantly, Bernardo's children have resided in the Philippines without incident since she left that country, a fact that lends substantial support to the BIA's decision. See, e.g., Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996) (evidence that similarly situated family members continued to reside without incident in the alleged zone of danger substantially supports the agency decision); Estrada v. INS, 775 F.2d 1018, 1022 (9th Cir.1985) ("The absence of harassment of an alien's family tends to reduce the probability of persecution.").
 
 
 6
 Because Bernardo failed to establish her eligibility for asylum, withholding of deportation and involuntary departure were also not appropriate.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3